**Jack BLACKNALL, Plaintiff-Appellant,**

v.

**Margaret HECKLER,\* Secretary of Health & Human Services, Defendant-Appellee.**

**No. 82–4546.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1983.

Decided Oct. 17, 1983.

---

\* We substitute Margaret Heckler as successor to the original appellee Richard S. Schweiker pur-

suant to Fed.R.App.P. 43.

Douglas E. Jaffe, Sacramento, Cal., for plaintiff-appellant.

Dennis J. Mulshine, San Francisco, Cal., for defendant-appellee.

Before WALLACE, PREGERSON, and NORRIS, Circuit Judges.

PER CURIAM:

The Secretary of Health and Human Services (the Secretary) denied Blacknall's request for disability insurance benefits. Blacknall alleged that he was unable to work because of a lower back disc injury and psychiatric impairments. After a modification, the district court adopted the Magistrate's Proposed Findings and Recommendations on review of the Secretary's ruling, granting summary judgment for the Secretary. We affirm.

In reviewing a denial of a disability claim, we must affirm if the Secretary's findings are supported by substantial evidence and the Secretary applied the proper legal standards. *Thompson v. Schweiker,* 665 F.2d 936 (9th Cir.1982); *Benitez v. Califano,* 573 F.2d 653 (9th Cir.1978).

First, Blacknall argues that the Secretary misapplied the law by relying on the medical-vocational grid in making the disability determination because Blacknall had non-extertional, as well as exertional, limitations. Therefore, he claims it was error for the Secretary to have found that Blacknall had a residual functional capacity for light work, because his non-exertional limitations

greatly diminished the range of light work he could do. We disagree.

The Medical-Vocational Guidelines explicitly provide that:

> [W]here an individual has ... [a] ... combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.

20 C.F.R. Appendix 2, § 200.00(e)(2). The section also requires that full consideration be given to all relevant facts of the case. *See also* 20 C.F.R. § 404.1520 (outlining factors involved in evaluation of disability generally).

█ The Secretary's determination that Blacknall was not disabled on the basis of exertional limitations alone is supported by substantial evidence in the record and is legally not improper. The ALJ considered medical reports from orthopedists indicating that the exertional limitations from Blacknall's degenerative disc disease did not preclude work not involving heavy lifting. That substantial evidence also supports the holding as to Blacknall's residual functional capacity and his ability to do light work as defined in 20 C.F.R. § 404.1567(b).

█ Blacknall also argues that the Secretary failed to consider the cumulative effect of his physical and psychiatric impairment. There is, however, substantial evidence that supports the ALJ's finding that Blacknall's nonexertional, or psychiatric, limitations did not significantly limit the range of work permitted by his exertional limitations.

█ Second, Blacknall contends that the Secretary did not properly consider evidence of his psychiatric impairments. Dr. Hakanson extensively reviewed Blacknall's medical and social-psychiatric history, including his back injury and rehabilitation efforts, before making psychiatric conclusions. The ALJ considered this evidence.

█ Finally, Blacknall argues that the district court exceeded its authority by modifying the Secretary's finding that he could do light work into a finding that he can perform sedentary work. Blacknall contends that this was an unauthorized, independent judgment as to his sitting restrictions.

The district court is empowered to enter "a judgment ... modifying ... the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The magistrate observed that under 20 C.F.R. § 404.1567(b), a "finding that a claimant has the residual functional capacity for light work includes a finding that he has the capacity for sedentary work." Incorporating the sedentary work capability determination within the finding of light work capability is not error "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

We find that the record does not expressly reveal evidence of an inability to sit "for long periods of time." Thus, the district court was authorized to make the narrower, sedentary finding rather than the more inclusive finding of capacity for light work.

AFFIRMED.