Frank NELSON, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. CIV–86–821C.

United States District Court,
W.D. New York.

Dec. 30, 1987.

Neighborhood Legal Services (Alan B. Block, of counsel), Buffalo, N.Y., for plaintiff.

Roger P. Williams (Stephan J. Baczynski, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

Plaintiff is a black male, born July 4, 1959. He filed an application for Social Security Income benefits on February 8, 1985, claiming disability due to sickle cell disease and stomach problems secondary to a gunshot wound to the abdomen (suffered in 1974). This application was denied initially and on reconsideration, and plaintiff requested a hearing to review the application. The hearing was held on September 12, 1985, at which the Administrative Law Judge [ALJ] considered plaintiff's case *de novo* and found that plaintiff was not disabled within the meaning of the Social Security Act and that plaintiff had the residual functional capacity to perform light work. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on July 6, 1986.

The question before this court is whether the Secretary's decision that plaintiff was not under a disability is supported by substantial evidence.

Under the Secretary's regulations Part 404, Subpt. P, App. 1, § 7.05, a claimant with sickle cell disease, or one of its variants, will be found to be disabled if one of the additional conditions are met:

A. Documented painful (thrombotic) crises occurring at least three times during the 5 months prior to adjudication; or

B. Requiring extended hospitalization (beyond emergency care) at least three times during the 12 months prior to adjudication; or

C. Chronic, severe anemia with persistence of hematocrit of 26 percent or less; or

D. Evaluate the resulting impairment under the criteria for the affected body system.

The ALJ found that the record, including the reported clinical findings, laboratory test results and other medical evidence, did not show that plaintiff was under an impairment "which meets or equals the severity of any impairment listed in Appendix 1 to Subpart P." (Transcript [Tr.] at 17). The ALJ went on to find that, although plaintiff did have a history of sickle cell disease and had been hospitalized on several occasions for abdominal and leg pains, the medical assessments of plaintiff's treating physicians and plaintiff's testimony at the hearing constituted persuasive evidence that plaintiff's impairment was not disabling and that plaintiff "could meet the exertional demands of light work on a sustained basis" in accordance with 20 C.F.R. §§ 416.920(f), 416.945, 416.946, 416.967(b), and App. 2, Rule 202.17 to Subpt. P of Part 404.

Defendant claims that the opinions of two of the physicians who treated plaintiff, Drs. Brown and Arian, which found him able to work, are binding on the Secretary under the Second Circuit's "treating physician rule." *Schisler v. Heckler,* 787 F.2d 76, 81, 85 (2d Cir.1986) (treating physician's opinion on the subject of medical disability is binding on the factfinder unless contradicted by substantial evidence). Defendant also claims that the record supports the ALJ's conclusion that, although plaintiff's impairment prevented him from performing his former work, his age, education, work experience, and residual functional capacity "direct a conclusion as to whether work exists that the claimant could perform. If such work exists, the claimant is not considered disabled." *Heckler v. Campbell,* 461 U.S. 458, 462, 103 S.Ct. 1952, 1955, 76 L.Ed.2d 66 (1983). Plaintiff claims that since his nonexertional impair-

ments (*i.e.*, recurring episodes of pain) " 'significantly limit the range of work permitted by his exertional limitations,' " *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (*quoting Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir.1983)), exclusive application of the decisional grids in Appendix 2 is inappropriate, and the Secretary must produce evidence, expert or otherwise, that jobs exist in the economy suitable for an individual with his limitations. Plaintiff further claims that the Secretary erred (1) in failing to make specific findings in support of the conclusion that the evidence of pain presented by plaintiff was not credible, and (2) in failing to secure the testimony of a vocational expert in order to show plaintiff's ability to perform other work.

■ Once a claimant has established that his impairment prevents his return to his prior employment, the burden of proof shifts to the Secretary to show that there exists alternative substantial gainful work in the national economy which the claimant could perform considering his physical capability, age, education, experience, and training. *Mimms v. Heckler*, 750 F.2d 180, 185 (2d Cir.1984). In appropriate cases, the Secretary must rely on the Medical–Vocational Guidelines promulgated at 20 C.F.R. Pt. 404, Subpt. P, App. 2, rather than on the testimony of a vocational expert in each individual case. *Campbell*, 461 U.S. at 470, 103 S.Ct. at 1959. The rules recognize, however that some claimants may possess certain limitations, *e.g.*, mental, sensory, or environmental impairments, that are not factored into the guidelines. *See* App. 2, § 200.00(e). Thus, the regulations provide that the ALJ should apply the guidelines only when they describe a claimant's abilities and limitations accurately. *See* App. 2, § 200.00(a), (d); *Campbell*, 461 U.S. at 462 n. 5, 103 S.Ct. at 1955 n. 5. Where a claimant has an impairment resulting in both exertional and nonexertional limitations, the guidelines cannot be used as the exclusive framework for making a disability determination, and the ALJ must give full consideration to all the relevant facts, including expert vocational testimo-

ny, if necessary. *See* App. 2, § 200.00(e)(2); *Bapp*, 802 F.2d at 604–05.

■ Since pain is a sensory (and thus nonexertional) impairment, *Bellamy v. Secretary of HHS*, 755 F.2d 1380, 1383 (9th Cir.1985); *Wilson v. Heckler*, 743 F.2d 218, 222 (4th Cir.1984); *Marshall v. Heckler*, 731 F.2d 555, 557 (8th Cir.1984); *Gagnon v. Secretary of HHS*, 666 F.2d 662, 666 n. 8 (1st Cir.1981), and since substantial evidence was presented in the instant case that plaintiff has experienced several episodes of pain related to his sickle cell condition, the ALJ should not have relied exclusively on the guidelines in finding plaintiff "not disabled." Nowhere does the ALJ's decision recognize the evidence of pain as a nonexertional impairment, nor does the decision make specific findings to that effect. Rather, the ALJ conclusively applied the guidelines of Appendix 2 without sufficiently considering plaintiff's nonexertional limitations as required by section 200.-00(e)(2). Courts have not hesitated to overturn determinations of "not disabled" where the ALJ relied solely on the guidelines without adequate consideration of nonexertional impairments. *Bapp*, 802 F.2d at 606, *Channel v. Heckler*, 747 F.2d 577, 582–83 (10th Cir.1984), *Allen v. Secretary of HHS*, 726 F.2d 1470, 1472–73 (9th Cir.1984); *Gagnon*, 666 F.2d at 666.

The "treating physician" rule, relied on by defendant as determinative of the issue of plaintiff's disability, provides that a treating physician's opinion as to a claimant's medical disability is:

(i) binding on the fact-finder unless contradicted by substantial evidence; and (ii) entitled to some extra weight because the treating physician is usually more familiar with a claimant's medical condition than are other physicians, although resolution of genuine conflicts between the opinion of the treating physician, with its extra weight, and any substantial evidence to the contrary remains the responsibility of the fact-finder.

*Schisler*, 787 F.2d at 81. The rule thus applies only when the treating physician's opinion is not contradicted by substantial evidence to the contrary, *id.; Bluvband v.*

*Heckler,* 730 F.2d 886, 892–93 (2d Cir.1984), and such evidence is present in this case, as demonstrated by the discussion *supra* concerning plaintiff's testimony and medical records showing the existence of nonexertional limitations. Further, there is some question as to whether the physicians' opinions regarding plaintiff's disability should be given more weight than the other medical evidence in the record, since plaintiff was seen by several doctors at several different facilities during the course of his treatment for his sickle cell crises. It thus cannot be said with certainty that the doctors who rendered these opinions were more familiar with plaintiff's condition than any other doctor who treated plaintiff. Accordingly, neither of the "treating physician" rule's considerations is persuasive on the facts of this case, and the rule should not apply.

Since the ALJ failed to consider whether the range of work plaintiff could perform "was so significantly diminished as to require the introduction of vocational testimony," *Bapp,* 802 F.2d at 606, the final decision of the Secretary should be reversed and the case remanded for a determination of whether the Secretary has shown that plaintiff's capability to perform the full range of "light work" was not significantly diminished by his recurring episodes of pain. Under the holding in *Bapp,* this initial determination can be made without resort to a vocational expert. If, however, plaintiff's pain episodes are found to significantly diminish his ability to engage in "light work," then the ALJ should require defendant to present either the testimony of a vocational expert or similar evidence tending to establish the existence of jobs in the national economy for an individual with plaintiff's exertional and nonexertional limitations.

This case is remanded to the Secretary for further proceedings in accordance with this opinion.

So ordered.