Odilia **BOCANEGRA**, Plaintiff,

v.

Donna E. **SHALALA**, Secretary of Health and Human Services, Defendant.

No. SACV 94–0548–EE.

United States District Court, C.D. California.

May 15, 1995.

Marc V. Kalagian, Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for plaintiff.

Jon Pearson and Leon M. Weidman, U.S. Attys., Los Angeles, CA, for defendant.

MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

EDWARDS, United States Magistrate Judge.

### 1. Proceedings.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act") to obtain judicial review of a final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's claim for supplemental security income benefits under Title XVI of the Act. The parties filed cross-motions for summary judgment and have stipulated to disposition of this action before the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). The motions were taken under submission without oral argument. Local Rule 7.11.

### 2. Standard of Review.

Under 42 U.S.C. § 405(g), this Court reviews the Secretary's decision to determine if: (1) the Secretary's findings are supported by substantial evidence; and (2) the Secretary used proper legal standards, *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir.1991).

### 3. Plaintiff Is Entitled to Summary Judgment.

Plaintiff claims to be disabled due to back and neck pains and depression. She had two hearings before an Administrative Law Judge ("ALJ"), who denied her claim, and the Appeals Council of the Office of Hearings and Appeals, Social Security Administration, Department of Health and Human Services, denied review. The ALJ's decision became the final decision of the Secretary. 20 C.F.R. § 404.900.

Plaintiff's motion seeks in the alternative either an immediate award of benefits or remand for further proceedings before the Secretary. The Court has read the entire record and the presentations of the parties and concludes that the record does not include substantial evidence to support the ALJ's findings and further that the ALJ erred in failing to apply applicable law. Accordingly, plaintiff is entitled to summary judgment.

Pertinent regulations require that disability claims be evaluated according to a 5–step procedure. *See* 20 C.F.R. §§ 416.920(b) to 416.920(f). In steps 1 through 4, the claimant must demonstrate that she has a severe impairment and that she cannot perform her previous job. Here, the ALJ expressly found that plaintiff had a severe impairment and that her impairment was serious enough

that it prevented her from performing her previous jobs of office management coordinator, housecleaner, and telephone salesperson.

Once the plaintiff established that she could not perform her previous jobs, the burden shifted to the Secretary to demonstrate that plaintiff could engage in other types of substantial gainful work that exist in the national economy. *See, e.g., Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir.1984). Here, the ALJ found that plaintiff could not perform her past work, which was classified as exertionally "light" or "medium," as defined by HHS regulations. 20 C.F.R. § 404.1567. At plaintiff's hearing the ALJ took the testimony of a vocational expert, who testified that in spite of her impairments plaintiff could perform other jobs identified as "cashier II" and "ticket taker" jobs. Accordingly, the ALJ found that plaintiff was ineligible for disability benefits. It is this finding that plaintiff challenges.

Plaintiff's motion attacks the ALJ's failure to use the job definitions in the Dictionary of Occupational Titles (D.O.T.) published by the Department of Labor, among other things. Specifically, plaintiff argues that the D.O.T.'s definition of "cashier II" requires the ALJ to find plaintiff disabled, based on the ALJ's previous finding that plaintiff was limited to sedentary work. As plaintiff points out, the D.O.T. defines the job of "cashier II" as requiring "light" exertion. § 211.462–010, D.O.T. (4th ed., rev. 1991).

The same argument applies to the ALJ's finding that plaintiff could do a ticket taker job. The Secretary points out, and plaintiff does not dispute, that the vocational expert misspoke and should have referred to the job plaintiff could perform as "ticker seller," rather than "ticket taker." "Ticket seller" is defined in § 211.467–030 of the D.O.T. as also requiring light exertion.

Thus, if the ALJ was obligated to use the same job definitions in the D.O.T., plaintiff must prevail. In this case, the Court concludes that the ALJ erred in failing to use those job definitions.

20 C.F.R. § 416.966(d) provides, in pertinent part, as follows:

When we determine that unskilled, sedentary, light, and medium jobs exist in the national economy (in significant numbers either in the region where you live or in several regions of the country), we will take administrative notice of reliable job information available from various governmental and other publications. For example, we will take notice of—

(1) *Dictionary of Occupational Titles,* published by the Department of Labor....

20 C.F.R. § 416.967 provides, in pertinent part, as follows:

To determine the physical exertion requirements of work in the national economy, we classify jobs as *sedentary, light, medium, heavy,* and *very heavy.* **These terms have the same meaning as they have in the *Dictionary of Occupational Titles,* published by the Department of Labor.**

(bold added.)

The Secretary does not dispute that if the definitions in the D.O.T. must be applied, then the ALJ's findings were erroneous; however, the Secretary contends that the definitions do not apply for two reasons. First, she contends that they are wrong. Specifically, she argues that "it is common knowledge that the [D.O.T.] contains only general occupational descriptions, whereas the [vocational expert] testified on the basis of his personal knowledge of specific jobs." Regarding the ticket seller job, the Secretary argues that "it is common knowledge shared by anyone who has attended a ball game or a movie that ticket sellers ... frequently perform this occupation at the sedentary level of exertion."

While the Secretary's argument is not frivolous, it is contrary to controlling authority. In *Terry v. Sullivan,* 903 F.2d 1273 (9th Cir.1990), the 9th Circuit reviewed a claimant's argument that the same job definitions involved herein—cashier II and ticket seller—were binding on the Secretary. The 9th Circuit agreed with the claimant, stating that:

[The claimant's] argument is persuasive because it relies entirely on the Secretary's own resources. Both [cashier II and ticket

seller] are defined in the *Dictionary of Occupational Titles,* U.S. Dep't of Labor (4th ed. 1977) (*DOT*), as well as *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles,* U.S. Dep't of Labor (1981) (*Selected Characteristics*). The Secretary routinely relies on these publications in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy. *See Villa v. Heckler,* 797 F.2d 794, 798 (9th Cir.1986) ("The Secretary may rely on the general job categories of the [DOT], with its supplementary *Selected Characteristics,* as presumptively applicable to a claimant's prior work."). *See also* 20 C.F.R. § 404.1566(d)(1) (*DOT* is the Secretary's primary source of reliable job information)....

903 F.2d at 1276.

The burden was on the Secretary to show why the job descriptions in the D.O.T. should not apply in this case. *Terry, supra,* 903 F.2d at 1278. Plainly, the vocational expert was applying the D.O.T. when he testified. He specifically referred to "cashier II," not simply "cashier." Nor is the Secretary's appeal to "common knowledge" persuasive; it would be presumptuous for the Court to take judicial notice that the definitions were simply wrong, given the enormous amount of research that has obviously gone into compiling them. It may be that there are other subcategories of cashier than those listed in the D.O.T. If so, and if such other subcategories were at the sedentary rather than the light exertional level, that would have been an appropriate subject for expert testimony. *Distasio v. Shalala,* 47 F.3d 348, 350 (9th Cir.1995). No such testimony was sought.

■ In short, the D.O.T. definitions were presumptively applicable, and it was the Secretary's burden to produce evidence to the contrary. She failed to do so.

■ The Secretary argues alternatively that there was no need for a vocational expert to testify as to whether there were jobs that plaintiff could perform. This argument is based on the assumption that the plaintiff was capable of performing a full range of sedentary work and that the rules in 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "grids") thus dictate that plaintiff was not disabled. If the ALJ had clearly made a finding that plaintiff could perform a full range of sedentary work, the Secretary's argument might be persuasive. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a) provides, in pertinent part, that:

> ... Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled....

However, the ALJ never found that plaintiff could perform a full range of sedentary work. In fact, the ALJ stated that he was using grid Rule 202.21 as a "framework," because he did not consider it dispositive of plaintiff's claim. The ALJ was required to look beyond the grids. When a claimant suffers from an impairment that restricts her performance of a full range of work at the appropriate exertional level, the grids are not dispositive, and the Secretary must rely on other evidence. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 577 (9th Cir.1988).

■ The Secretary argues that the Court should ignore the Secretary's own decision [1] that the plaintiff was not capable of performing a full range of sedentary work, because it was not supported by substantial evidence. She contends that, pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g),[2] the Court has the authority to make new findings that the ALJ never made,

---

**1.** As previously noted, when the Appeals Council denied review, the decision of the ALJ became the final decision of the Secretary.

**2.** 42 U.S.C. § 405(g) authorizes this court to enter a judgment "affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

relying on *Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir.1983). *Blacknall* does not support the Secretary's position. In *Blacknall*, the Court rejected a finding of the ALJ that the plaintiff there was capable of doing light work, but the Court found instead that the plaintiff was capable of doing sedentary work. On the surface this might seem to support the Secretary's contention that this Court can make a finding that plaintiff can do a full range of sedentary work, even though the ALJ never so found. However, as the 9th Circuit pointed out in *Blacknall*, the district court there was not making a new finding; rather, it was merely recognizing that:

> ... [U]nder 20 C.F.R. § 404.1567(b), a finding that a claimant has the residual functional capacity for light work *includes* a finding that he has the capacity for sedentary work. Incorporating the sedentary work capability determination within the finding of light work capability is not error unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.... Thus, the district court was authorized to make the *narrower*, sedentary finding rather than the more inclusive finding of capacity for light work.

*Blacknall, supra*, 721 F.2d at 1181 (internal quotes omitted) (emphasis added).

The Secretary urges the Court to replace the ALJ's finding with a broader finding, not a narrower finding. This, however, would require the Court to make a finding that the ALJ never made, implicitly or otherwise. This Court's power extends only to reviewing the Secretary's decision as it was made, not as the Secretary now wishes it was made. The Secretary had the authority, of course, through the Appeals Council of the Office of Hearings and Appeals, Social Security Administration, to broaden the decision of the ALJ. She elected not to do that, and this Court has no authority to do it for her.

■ In short, the Court reads *Blacknall* as authority for the Court to modify the Secretary's decision by rejecting unsupported broad findings and replacing them with alternative findings that are "lesser included" findings implicitly made by the Secretary. Neither 42 U.S.C. § 405(g) nor *Blacknall* provides authority for the Court to modify the Secretary's decision by rejecting her narrow findings and replacing them with broader findings.

### 4. Plaintiff Is Entitled to an Immediate Award of Benefits.

The ALJ found that plaintiff could not perform her past work. The ALJ also found that plaintiff could not perform any other work except sedentary work. His finding that plaintiff could perform two jobs, cashier II and ticket seller, which were at the light exertional level was thus plainly unsupported by the record and was inconsistent with his own findings. Thus, there is no evidence that plaintiff could perform any work in the economy, and she was entitled to a finding that she is disabled. There is nothing in the record to indicate that it is in any way incomplete. Accordingly, an immediate award of benefits, rather than remand, is required. *Erickson v. Shalala*, 9 F.3d 813 (9th Cir. 1993).

### 5. Order.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's Motion for Summary Judgment is DENIED. Judgment will be entered accordingly.