**Dora MACINA, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 01–55494.

D.C. No. CV–99–02827–RZ.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Oct. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before GOODWIN, RYMER, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Dora Macina appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration. We affirm.

I

Macina claims that she should have been limited to sedentary work, not light work as the ALJ found. However, a finding that Macina has the residual capacity for light work includes a finding that she has a capacity for sedentary work. *See* 20 C.F.R. § 404.1567(b); *Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir.1983). The vocational expert testified that there are nearly 9,000 sedentary jobs available in the local economy that Macina can perform despite her limitations. Macina contends that her need for a sit/stand option necessarily precludes light work under SSR 83–

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

12, but that's not what it says. Rather, the regulation calls for input from a vocational expert, which the ALJ obtained and considered in this case. Finally, Macina submits that the ALJ's determination fails to take a lifting limitation into account. We disagree, because there is no evidence of any specific weight that she could not lift, or that repetitive lifting is required for the occupations identified by the vocational expert.

## II

 Macina maintains that the ALJ's hypothetical question to the vocational expert improperly elicited a response solely about Macina's ability to perform light work. However, the residual functional capacity for light work necessarily includes a finding of sedentary capability, and the jobs discussed by the vocational expert could be performed by someone with a residual functional capacity only for sedentary work. Beyond this, the ALJ's hypothetical appropriately included relevant considerations supported by the record.

## III

The ALJ did not improperly reject opinions of Macina's treating physicians. The ALJ's findings set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). For example, the ALJ did not credit Dr. Galeno's opinion that Macina is disabled because the MRI scan, which his report cited, indicates only very mild degenerative disc changes with no significant disc herniation at any level. Further, the ALJ noted that Dr. Dillin's periodic findings of temporary disability did not add up to the required twelve months of continuous disability. Finally, the ALJ was entitled to discount Dr. Alexakis's determination that "vocational rehabilitation is not indicated" because medical doctors are not considered qualified to is-

sue opinions based on non-medical factors. *See Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 511 (9th Cir.1987). The ALJ considered, and did not fail to credit, Dr. Alexakis's opinion on restrictions from repetitive bending, stooping and lifting.

## IV

Macina argues that the ALJ disregarded her subjective complaints of pain. However, the ALJ made specific findings stating reasons for why her pain does not render Macina totally disabled from working. *See Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir.1995). He noted that the treatment prescribed is relatively conservative, that she experiences relatively minor side-effects such as drowsiness and fatigue from the medication that is prescribed, and that Macina can perform daily chores such as driving, shopping, light cooking and folding laundry—activities that are at least as strenuous as the definition of sedentary residual functional capacity. *See id.*

AFFIRMED.