99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James SALMON, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-55850.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1996.**
Decided Oct. 15, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 James Salmon appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Salmon's application for disability insurance benefits under 42 U.S.C. § 405. Salmon alleged that he was unable to work due to depression and chronic pain. We review de novo the district court's grant of summary judgment. See Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). The district court must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ"), and the ALJ applied the correct legal standards. See Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir.1995) (per curiam). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Salmon contends that the ALJ's decision was not supported by substantial evidence because the ALJ did not give proper weight to the opinions of the Commissioner's own examining physicians. This contention lacks merit.
 
 
 4
 Salmon is correct that a "non-examining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician." Erickson v. Shalala, 9 F.3d 813, 818 n. 7 (9th Cir.1993) (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.1990)). Nonetheless, the "ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir.1995) (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995)), cert. denied, 116 S.Ct. 1356 (1996). We conclude that the ALJ has met his burden.
 
 
 5
 Dr. Timothy A. McManus, a nonexamining medical expert, testified before the ALJ. He concluded that Salmon's mental impairments did not preclude low stress work. Substantial evidence supports the ALJ's reasons for adopting that conclusion.
 
 
 6
 With regard to Salmon's alcohol use, Salmon himself testified that he had been "very curtailed on drinking" because of his "financial situation." Dr. Terman diagnosed alcoholism in remission. With regard to Salmon's depression, Dr. McManus opined that Salmon "probably has a chronic low level depression." Though Dr. Terman had diagnosed "major depression," Dr. McManus pointed out that at the time of the diagnosis, Salmon was grieving the death of a woman with whom he had worked. At the hearing, Salmon did "not present with major depression." Dr. Rutman, who examined Salmon before Dr. Terman, described Salmon as alert, cooperative, and oriented. Dr. Stern, who examined Salmon after Dr. Terman, found Salmon to have intact memory, and normal insight and judgment. Substantial evidence supports the ALJ's conclusion that Salmon could perform simple and nonrepetitive tasks.
 
 
 7
 Substantial evidence also supports the ALJ's rejection of Salmon's subjective complaints of pain. After thoroughly reviewing all the record medical evidence, the ALJ explained that Salmon had not undergone any regular or ongoing treatment for his pain, had not used prescription pain medications, and had not participated in any significant pain regimen or therapy program. An ALJ can rely on an inadequately explained failure to treat pain to find a pain allegation incredible. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Pursuant to Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration effective March 31, 1995. In accordance with section 106(d) of Pub.L. 103-296, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 36-3
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3