145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julie LAYNA, Plaintiff-Appellant,
v.
Commissioner of the Social Security Administration,
Defendant-Appellee.
 No. 97-35673.
D.C. No. CV-96-01620-REJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1998[2].
Decided May 15, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before HAWKINS, THOMAS and SILVERMAN, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Julie Layna appeals from the district court's judgment, affirming the determination of the Administrative Law Judge (the "ALJ") that she is not entitled to Supplemental Social Security Income ("SSI") benefits under 42 U.S.C. § 1381 et seq., or disability benefits under 42 U.S.C. § 401 et seq. On appeal, Layna claims: (1) the ALJ did not properly evaluate the extent of her mental impairment as required by the regulations; (2) the ALJ erred in rejecting her pain testimony; (3) the ALJ erred in rejecting the findings of her treating physician; and (4) the ALJ did not properly evaluate her ability to perform other work. We review the district court's order upholding the ALJ's denial of benefits de novo. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). After careful review of the record and arguments presented, we reverse and remand for payment of benefits. Because the parties are familiar with the factual and procedural history of this case, we will not detail it here.
 
 
 2
 * A claimant must produce medical evidence of an underlying impairment that is "reasonably likely" to be the cause of the alleged pain. Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir.1992). This evidence need not fully corroborate the severity of the alleged pain, however. Id. Moreover, the Administrative Law Judge ("ALJ") may not discredit the claimant's testimony of pain and deny disability benefits "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995) (quoting Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc)).
 
 
 3
 The ALJ is not required to automatically credit or believe every allegation of disabling pain--- such a requirement would essentially make disability benefits available on demand. Fair, 885 F.2d at 603. Rather, in order to reject pain testimony, the ALJ must make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza, 50 F.3d at 750. There are numerous factors an ALJ may consider when determining credibility, including, among other things:
 
 
 4
 (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid;
 
 
 5
 (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and
 
 
 6
 (3) the claimant's daily activities.
 
 
 7
 Smolen, 80 F.3d at 1284; see also Orteza, 50 F.3d at 750; Bunnell, 947 F.2d at 346; Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).
 
 
 8
 The crux of Layna's argument is that the ALJ did not enter specific findings and did not "point to specific facts in the record which demonstrate that [Layna] is in less pain than she claims." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993). We agree.
 
 
 9
 The ALJ did not state clear and convincing reasons for discrediting Layna's testimony. He found her lacking in credibility, but specifically mentioned only that she gave different responses at different times as to the highest grade she had completed--10th grade versus 12th grade. He stated that "medical records do not reflect any mention of the nausea or vomiting which Ms. Layna described in testimony." Unlike the ALJ, we found reports of both nausea and vomiting in the medical records. Indeed, Layna's medical records reflect serious physical health problems and a history of debilitating pain that is consistent with her testimony at both the first and second hearing.
 
 II
 
 10
 An ALJ must give the medical opinion of a claimant's treating physician "special weight," Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir.1989), because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (citation omitted); see also 20 C.F.R. § 416.927(d)(2). The treating physician's opinion on the ultimate issue of disability is not necessarily conclusive, however. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ may disregard the treating physician's opinion if the ALJ sets forth "specific, legitimate reasons ... based on substantial evidence ." Rodriguez, 876 F.2d at 762. The ALJ can meet this burden of substantial evidence by "providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof." Id. Finally, the ALJ need not accept an opinion of a treating physician if it is "conclusionary and brief and unsupported by clinical findings." Matney, 981 F.2d at 1019.
 
 
 11
 The ALJ rejected the findings of Layna's treating rheumatologist, Dr. Daniel Sager, because he found that Dr. Sager's conclusions were not based on objective findings or supportive laboratory diagnostic studies. There are no "lab tests" for fibromyalgia, however, and Layna's diagnosis is firmly supported by the more general diagnostic studies in the record. The ALJ was also troubled by Dr. Sager's reliance on Layna's reported symptoms, symptoms which the ALJ had already discredited. However, the diagnosis of fibromyalgia was supported by Dr. Lyles, another of Layna's treating physicians, and every other physician or professional who treated her. Moreover, physicians are inevitably dependent upon the reports of the patient as to the location, duration, and intensity of the patient's pain.
 
 
 12
 The "conclusions" the ALJ rejected were the responses to a medical questionnaire submitted to Dr. Sager by Layna's attorney. While such a questionnaire is not the most persuasive evidence, Dr. Sager and Dr. Lyles' medical reports are also in the record and cannot be so easily discredited; they provide a consistent account of pain that varies in intensity from day-to-day. Furthermore, the ALJ and the district court drew negative inferences from Dr. Sager's response to a question that "the objective evidence reasonably confirms that the severity of the alleged symptoms arise from Layna's medical condition," but this is "nonspecific." As the Seventh Circuit noted in a Social Security fibromyalgia case, "the administrative law judge also misunderstood the medical term 'nonspecific' to mean unbelievable rather than not clearly related to a particular disease." Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir.1996). That is, Layna's reported symptoms may arise from fibromyalgia or something else, but this doesn't mean that her symptoms are faked.
 
 
 13
 The ALJ disregarded the nature of the disease, the lack of "hard" treatment methods, and his earlier rejection of the claimant's credibility to dismiss Dr. Sager's conclusions. In light of the medical literature on fibromyalgia, the consistency in both Dr. Sager's and Dr. Lyles' diagnoses and treatment, and the deference due to a claimant's subjective description of her pain, however, we conclude that the ALJ was in error.
 
 III
 
 14
 Disability claims are evaluated according to a five-step procedure. Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir.1991). First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled and the inquiry stops. Bowen v. Yuckert, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 404.1520(b). In step two, the ALJ determines whether the claimant has a "medically severe impediment or combination of impediments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the answer is no, the claimant is not disabled.
 
 
 15
 In step three, the ALJ determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the ALJ proceeds to step four.
 
 
 16
 In step four, the ALJ determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404. 1520(e). If the claimant can still work, she is not disabled and not entitled to benefits. If she cannot work, the burden shifts back to the Commissioner to establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-142; 20 C.F.R. § 404.1520(e) & (f). If the Commissioner meets this burden and establishes that the claimant can perform other work that exists in the national economy, the claimant is deemed not disabled. 20 C.F.R. § 404.1566.
 
 
 17
 Layna argues that in his attempt to make a showing that she could perform her past work, the ALJ improperly crafted a hypothetical and presented it to the vocational expert, then continued to rely on the expert's answer to the flawed question. If the hypothetical posed to the vocational expert is inaccurate or incomplete, the expert's testimony cannot be used to meet the Commissioner's burden. Andrews, 53 F.3d at 1044.
 
 
 18
 Layna contends that the hypothetical posed to the vocational expert was not accurate because it did not account for all of her limitations. There was no reference to her severe pain, her mental impairments, or to her bowel troubles. She contends that the ALJ did not consider all of the evidence in the record, such as her past history of absenteeism and her heavy schedule of doctors' appointments.
 
 
 19
 A hypothetical posed to a vocational expert must contain "all of the limitations and restrictions" of the claimant. Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989). Neither hypothetical in this case did so. The hypothetical posed at the 1994 hearing obviously did not reflect the claimant's physical and mental condition as of 1996. It did not reference any of the limitations in Dr. Sager's report, particularly her predicted absence rate due to her pain. It did not mention her osteoporosis or irritable bowel syndrome. Indeed, the hypothetical has already been deemed insufficient once by a district court--it was, after all, the basis for a remand back to the ALJ back in February 1996.
 
 
 20
 The hypothetical posed at the 1996 hearing also failed to account for Layna's additional symptoms and limitations. Her occasional debilitating pain, her depression, and her irritable bowel syndrome were not incorporated into the ALJ's inquiry. The Commissioner now concedes that the hypothetical posed at the 1996 hearing has no evidentiary value in assessing what kind of work Layna may be able to perform. Without appropriate testimony from a vocational expert who was responding to a complete hypothetical, the Commissioner cannot carry her burden of proof in establishing that Layna can work, despite her numerous limitations, in a job found in sufficient numbers in the national economy. Dr. Lyles' statement back in 1993 that Layna may be able to tolerate a sedentary job does not rectify this gap in the evidence. Absent other reliable evidence of the claimant's ability to perform specific jobs in her exertional range, the testimony of a vocational expert is required. Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990).
 
 IV
 
 21
 In sum, the testimony, the medical records, and the procedural history of this case lead us to reverse the district court and remand for payment of benefits. See Erickson v. Shalala, 9 F.3d 813, 819 (9th Cir.1993). Having reached this conclusion, it is unnecessary to decide the other questions posed in Layna's appeal.
 
 
 22
 Reversed and Remanded.
 
 
 
 [2]
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3