**Ges E. MARROQUIN, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 02–16104.

D.C. No. CV–01–00039–HG.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Ges E. Marroquin appeals pro se the district court's summary judgment uphold-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing the Commissioner of the Social Security Administration's April 22, 1997 decision denying disability insurance benefits and supplemental security income and declining to re-open a January 11, 1995 decision denying supplemental security income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo the district court's decision, and we review for substantial evidence and legal error the Administrative Law Judge's ("ALJ") decision. *Tackett v. Appel*, 180 F.3d 1094, 1097 (9th Cir.1999). We affirm.

Because Marroquin failed to meet the regulatory requirements for re-opening, the ALJ properly denied Marroquin's request to re-open the disability claim decided on January 11, 1995. *See* 20 C.F.R. §§ 416.1488, 416.1489; *see also Mines v. Sullivan*, 981 F.2d 1068, 1070 (9th Cir. 1992) (stating standard).

Regarding Marroquin's appeal from the 1997 decision, we conclude that substantial evidence supports the ALJ's finding that Marroquin was not disabled. *See Tackett*, 180 F.3d at 1098. The ALJ provided specific, cogent reasons for disbelieving Marroquin's subjective allegations of his inability to work, *see Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999), including the minimal degree of medical treatment he sought, and the fact that Marroquin's allegations of disability are inconsistent with his daily activities which include shopping, cooking, laundry, daily social activities, reading and watching television. *Cf. Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001). The ALJ also properly found that there were no clinical or laboratory test results supporting Marroquin's complaints of blackouts. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).

The district court did not abuse its discretion in refusing to remand on the basis of extra-record evidence consisting of two letters from Dr. Pang. Marroquin failed to show that the two letters from Dr. Pang were material, and that there was good cause for failing to incorporate the evidence into the administrative record. *See Orteza v. Shalala*, 50 F.3d 748, 751 (9th Cir.1995) (per curiam). For the same reason, we do not consider the three July 12, 2002 letters that Marroquin submits on appeal. *See Mayes v. Massanari*, 276 F.3d 453, 462–63 (9th Cir.2001).

Marroquin's remaining contentions lack merit.

**AFFIRMED.**