Eulalia L. GALLEGOS,
Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 05-15734.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2007.

Filed April 20, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c), we have substituted Michael J. Astrue for Jo Anne B. Barnhart as the named defendant-appellee.

Harvey P. Sackett, Esq., San Jose, CA, Gina Mari Fazio, Esq., Fresno, CA, for Plaintiff–Appellant.

Linda M. Anderson, Esq., Kimberly Anne Gaab, Esq., Office of the U.S. Attorney, Fresno, CA, Eric K.H. Chinn, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, CUDAHY,[**] and McKEOWN, Circuit Judges.

## MEMORANDUM [***]

Eulalia Gallegos appeals the district court's order denying her appeal of the Administrative Law Judge's finding her ineligible for social security income payments. She argues that the ALJ's finding of past relevant experience is not supported by substantial evidence. Specifically, she contends that the ALJ failed to consider whether her one month of work in either 1988 or 1989 as a cannery line worker constituted an unsuccessful work attempt as defined by Social Security Ruling 84–25 rather than past relevant experience. The question whether Gallegos' (apparent) one month of work qualifies as past relevant experience or as an unsuccessful work attempt depends on the date of her disability which cannot be determined with certainty from the record. Accordingly, we reverse the district court's order and remand to the district court with instructions to remand to the Commissioner of Social Security for further proceedings.[1]

Past relevant experience is "work ... done within the past 15 years, that was substantial gainful activity, and that lasted long enough ... to learn how to do it." 20 C.F.R. § 404.1560(b)(1). A finding of past relevant experience is significant since that finding combined with a residual functional capacity assessment allows an ALJ to stop at step four of the five-step sequential evaluation of disability and not consider other factors required in step five. *See* 20 C.F.R. § 416.920(a)(4).

Social Security Ruling 84–25 provides that if there was a "significant break in the continuity of a person's work" before the work attempt at issue which was caused by "the impairment," a work effort lasting three months or less qualifies as an unsuccessful work attempt rather than substantial gainful activity.[2] In order for a work

---

[**] The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, is sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have jurisdiction to review the decision of the district court pursuant to 28 U.S.C. § 1291. We review the district court's order upholding the Commissioner's final denial of benefits de novo. *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1999). This court will af-firm the district court if the Commissioner's decision was supported by substantial evidence and based on proper legal standards. *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997).

2. Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that have been adopted by the Administration. 20 C.F.R. § 402.35(b)(1). These rulings, once published, are binding precedent upon ALJs. *Gatliff v. Comm'r of*

effort to constitute past relevant experience it must be substantial gainful activity. Therefore, an unsuccessful work attempt does not qualify as past relevant experience pursuant to 20 C.F.R. § 404.1560(b)(1). Importantly, in order for Social Security Ruling 84–25 to apply, the date of disability must have occurred *prior* to the work attempt.

It appears from the record, though it is not altogether clear, that Gallegos worked for one month in either 1988 or 1989 as a cannery line worker. Gallegos reported earnings of $1,244.84 in 1989. However, on her Disability Report, she claimed that she worked for one month or less in October 1988. The ALJ failed to clarify in which month and year Gallegos last worked. Both of these years fall within the 15–year period considered in assessing whether the plaintiff has past relevant experience. The ALJ implicitly found that Gallegos' one month of work in either 1988 or 1989 qualified as past relevant experience in explicitly finding that "[t]he claimant's past relevant work as line work did not require the performance of work-related activities precluded by her residual functional capacity."

There is also significant confusion about the date of disability. At one point in the ALJ's opinion, it is listed as August 31, 1989; at another place, October 1, 1988. The ALJ also found that Gallegos "has not engaged in substantial gainful activity since her alleged onset date." This finding can only be supported if Gallegos' date of disability occurred *after* her one-month of work in 1988 or 1989. The record does not clearly support this finding since the date of disability is uncertain. This date is

critical since the application of Ruling 84–25 hinges on it. In other words, the determination whether the 1988 or 1989 work effort constitutes past relevant experience or an unsuccessful work attempt depends on whether the date of disability occurred before or after the one month of work.[3]

Accordingly, we remand to the district court with instructions to remand the matter to the Commissioner of Social Security for clarification of the alleged disability date relied upon by the ALJ and determination of the case in accordance with that date. *See* 42 U.S.C. § 405(g).

REVERSED AND REMANDED.

CUDAHY, Circuit Judge, concurring:

I concur in the majority opinion but write separately because I believe the ALJ's determination of past relevant experience was not supported by substantial evidence. Accordingly, I believe this case should be reversed and remanded for reconsideration regardless of Gallegos' date of disability.

In order for Gallegos' one month of work as a cannery line worker in either 1988 or 1989 to qualify as past relevant experience, it must constitute "substantial gainful activity," which is defined as work that "(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit." 20 C.F.R. 404.1510. A one-month job as a cannery worker does not constitute substantial gainful activity. *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir.1999) (holding that two months is not a significant enough period

---

Soc. Sec. Admin., 172 F.3d 690, 692 n. 2 (9th Cir.1999) (citing *Heckler v. Edwards*, 465 U.S. 870, 873 n. 3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984)).

3. The month and year in which this work took place is also critical. Even if Gallegos' date of disability is August 31, 1989 (the latter of the two listed in the ALJ's decision), the one month of work could still have occurred sometime later, namely in the fall of 1989.

of time to constitute substantial gainful activity). Regardless of Gallegos' exact date of disability, the one-month of work in 1988 or 1989 was not substantial gainful activity and therefore does not constitute past relevant experience.

WALLACE, Circuit Judge, Dissenting:

The majority disposition, to the extent it has two votes, concludes that the ALJ's finding of past relevant experience is not supported by sufficient evidence. I disagree. Because the majority disposition does not address Gallegos's other claims, I do not address them here. However, I believe that Gallegos's remaining claims are similarly without merit and do not warrant reversal.

The district court properly affirmed the decision denying benefits if the denial was "supported by substantial evidence and based on the application of correct legal standards." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997). "Substantial evidence is more than a mere scintilla but less than a preponderance ... [w]here the evidence is susceptible to more than one rational interpretation, we must uphold the [ ] decision." *Id.* (internal quotation marks omitted).

Past relevant work is defined as work that was done within the past 15 years, that was substantial gainful activity, and that was performed long enough to learn how to do it. 20 C.F.R. § 404.1560(b)(1). Work may be substantial even if it is done on a part-time basis. *Id.* at § 416.972(a). During the administrative hearing, Gallegos stated that she worked as a line worker at a cannery. She further stated that this was seasonal work, and that she quit working in the canneries in 1989 because she felt sick. This evidence is susceptible to the rational interpretation that Gallegos had past relevant work experience. Although there was some dispute as to

whether she stopped working in 1988 or 1989, either date yields the same result. Since the ALJ issued his decision in 2002, the 15–year period in question extends back to 1987. The Vocational Expert testified that Gallegos's job had a Specific Vocational Preparation of 2. That level describes a job that can be learned by "[a]nything beyond short demonstration up to and including 1 month." *Dictionary of Occupational Titles*, Appendix C (4th ed.1991). Thus, there was substantial evidence to find that Gallegos worked as a line worker long enough to learn how to perform the job.

I would hold that Gallegos's own testimony was substantial evidence on which the ALJ could find that she had performed past relevant work as a cannery line worker. "[I]f the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir.1995).

I would affirm the judgment of the district court.