Aaron KAMIYAMA, Plaintiff–
Appellant,

v.

Michael J. ASTRUE,* Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 07–55293.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2008.

Filed July 3, 2008.

---

* Michael J. Astrue is substituted for his prede-
cessor Jo Anne Barnhart as Commissioner of
the Social Security Administration.  Fed.
R.App. P. 43(c)(2).

Andrew T. Koenig, Attorney at Law, Ventura, CA, for Plaintiff–Appellant.

Jean M. Turk, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Aaron Kamiyama ("Kamiyama") appeals the January 17, 2007 decision of the district court upholding the Commissioner of Social Security's ("Commissioner") denial of his application for disability benefits. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This court reviews the district court's order affirming the Commissioner's denial of benefits de novo. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996). The Commissioner's decision denying benefits should be upheld "if

### 1. Whether The ALJ Improperly Discredited Kamiyama's Testimony

Kamiyama produced evidence of an underlying impairment that " 'could reasonably be expected to produce pain or other symptoms,' " thus the ALJ could only reject his testimony about the "severity of [his] symptoms with 'specific findings stating clear and convincing reasons for doing so.' " *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir.2004) (quoting *Smolen*, 80 F.3d at 1281–82, 1284).

■ The record reflects with sufficient specificity that the ALJ considered a significant number of the Social Security Ruling 88–13 factors before concluding that Kamiyama's allegations of disabling pain were not fully credible. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991) (en banc). Considering the record as a whole, the ALJ's reasons for discrediting Kamiyama were sufficiently specific. *See Batson*, 359 F.3d at 1197; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (the existence of some pain does not necessarily preclude all gainful employment).

### 2. Whether the Record Supports the Views of the Vocational Expert ("VE")

■ Kamiyama argues that the hypotheticals posed to the VE were incomplete and, as such, cannot be used as the basis for denying him Social Security benefits. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). We disagree. The alleged omissions from the hypotheticals would not have altered the VE's conclusions, and

---

the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

therefore the asserted errors were harmless. *See Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir.1993). The hypotheticals posed to the VE were materially sufficient.

 The record further supports the VE's determination that there were "light" jobs in significant numbers in the national economy which Kamiyama could perform, even with his various limitations. The VE took care to explain that the positions he listed in the "light" category "required, at most, occasional use of the hands and fingers, as well as reaching." He went on to offer two jobs which, he noted, were in the "light" category "due to the amount of walking and standing, and not so much related to any lifting involved."

3. *Whether Substantial Evidence Supports the ALJ's Determination that Kamiyama Could Perform a Significant Range of Light Work*

As noted by the ALJ, the record reflects that on April 26, 2002, a state agency physician opined that Kamiyama could lift "10 lbs. occasionally and less than 10 lbs. frequently, avoiding frequent repetitive actions of the right hand, but walking, standing, and sitting tasks would be relatively unrestricted" and that on August 28, 2002, consultative physician Dr. Patel "opined that the claimant would not have any functionally-related physical limitations (such as sitting, standing, or walking) other than to avoid repetitive actions, especially at the level of the right elbow and wrist ... [but] the claimant should be able to lift or carry up to 20 lbs. occasionally and 10 lbs. frequently with the left hand and no more than 10 lbs. with the right." The ALJ noted further that, "Dr. Patel specifically precluded the use of both hands for repetitive manipulative tasks."

 While Kamiyama's treating physicians considered him totally temporarily disabled for purposes of worker's compensation, there is no record they were of the opinion he should be precluded from returning to all work. The record reflects that his ability to sit, stand and walk were nearly unlimited. In fact, he testified to walking about a mile, twice per week. The record also reflects that while Kamiyama had persistent pain, he was able to find relief from this pain by medication. He was also able to care for himself independently, to do at least some light housekeeping, to heat his own meals, and to drive at least a bit. *See Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir.1995); *cf. Vertigan,* 260 F.3d at 1050.

4. *Conclusion*

Because it would be reasonable to conclude on the basis of the evidence in the record that Kamiyama could perform light work, substantial evidence supports that conclusion by the ALJ.[2] *See Crane v. Shalala,* 76 F.3d 251, 254 (9th Cir.1996).

**AFFIRMED.**

---

2. Kamiyama argues that the ALJ erred in the conclusion that he could lift the exact amounts discussed in 20 C.F.R. § 404.1567(b). This argument fails.

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing.... To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b). The ALJ did not find Kamiyama capable of performing a

"full" range of light work. Rather, he found him capable of performing a "significant range" of light work, noting Kamiyama's lifting limitations and that he would require postural adjustments to protect his upper extremeties. To the extent that the ALJ misstated Kamiyama's exact lifting or manipulation restrictions, such a misstatement clearly did not affect the VE's conclusion that there were "light" jobs in the national economy that he could perform, given the VE's explanation that the jobs chosen were in the "light" category "due to standing and walking, not relative to any lifting and carrying."

