**Leonardo S. ORTEZA, Plaintiff–Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellee.**

No. 93–15797.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 13, 1994 *.

Memorandum Filed Dec. 20, 1994.

Decided March 22, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.

34(a) and Ninth Circuit Rule 34–4.

Mark H. Lipton, Lipton, Warnlof & Lipton, Walnut Creek, CA, for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, CA, for defendant-appellee.

Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.

## ORDER

The memorandum disposition filed December 20, 1994, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

Orteza appeals from the district court's summary judgment affirming the decision of the Secretary of Health and Human Services (Secretary) denying Orteza's application for disability insurance benefits. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

■ The district court's summary judgment is reviewed de novo. *Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir.1992). We must affirm if we determine that substantial evidence supports the findings of the administrative law judge (ALJ) and that the ALJ applied the correct legal standards. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989) (*Magallanes*). Substantial evidence is more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion. *Id.* To determine whether substantial evidence exists we look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. *Id.* However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld. *Id.*

I

■ Orteza's first argument is that the ALJ erred by failing to make specific findings supporting his determination that Orteza's complaints of excess pain and fatigue were not credible pursuant to Social Security Ruling 88–13. Once a claimant produces medical evidence of an underlying impair-

ment which is reasonably likely to be the cause of some pain, the ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell v. Sullivan,* 947 F.2d 341, 346–47 (9th Cir.1991) (en banc) (*Bunnell*). Although an ALJ "cannot be required to believe every allegation of disabling pain," *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989) (*Fair*), the ALJ cannot reject testimony of pain without making findings sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Bunnell,* 947 F.2d at 345–46. Factors that the adjudicator may consider when making such credibility determinations include the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence. *Id.* at 346.

■ The ALJ made specific findings to support his determination that Orteza's complaints of pain and fatigue were exaggerated and that his condition did not prevent him from performing light work. The ALJ first pointed out that the treating physician, Dr. Mason, was "quite emphatic in his report about the lack of objective evidence to support claimant's complaints of pain and weakness." The ALJ stated that Orteza's initial application indicated that he performed various household chores such as cooking, doing the dishes, going to the store, visiting relatives, and driving. The ALJ also pointed to the fact that Orteza suffers no side effects from the prescription drugs he takes, and that Orteza has not required prescription pain medication.

■ The ALJ's statement of specific reasons for discrediting Orteza's complaints of pain and fatigue is sufficient. An ALJ is clearly allowed to consider the ability to perform household chores, the lack of side effects from prescribed medications, and the unexplained absence of treatment for excessive pain. *Bunnell,* 947 F.2d at 346; *Fair,* 885 F.2d at 603.

II

In his report, Dr. Mason stated that Orteza could not return to his former job as a hospital file clerk because of the heavy bending and lifting, but that he could adapt to a "sedentary type job." Orteza argues that Dr. Mason meant that he could only perform "sedentary work" as defined by 20 C.F.R. § 404.1567(a) (1994). The ALJ concluded, however, that Dr. Mason did not use the term "sedentary type job" to mean "sedentary work" as technically defined by section 404.1567(a). The distinction is procedurally significant because if Dr. Mason stated that Orteza could only perform "sedentary work" as defined by section 404.1567(a), the ALJ would be required to provide clear and convincing reasons for discrediting Dr. Mason's report. *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir.1991) (ALJ must provide clear and convincing reasons for disregarding the uncontradicted opinion of a treating physician). If, on the other hand, Dr. Mason did not state that Orteza could only perform "sedentary work" as defined by section 404.1567(a), the ALJ would not be discrediting Dr. Mason's testimony, but merely interpreting it. *Magallanes,* 881 F.2d at 750 ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony ... [and] for resolving ambiguities.").

We agree with the ALJ and the district court that Dr. Mason did not use the term "sedentary type job" to mean "sedentary work" as it is defined by section 404.1567. Dr. Mason made no reference to the technical requirements of section 404.1567, and there is no evidence to indicate that Dr. Mason was even aware of section 404.1567's definition of "sedentary work." Indeed, there was no evidence at all before the ALJ to indicate that Dr. Mason meant that Orteza could only perform "sedentary work" as the term is defined by section 404.1567(a).

Additionally, Dr. Mason's opinion rested on the fact that Orteza's former job demanded heavy bending and lifting. Thus, it would be reasonable to infer that Orteza could perform light work that does not require heavy lifting and bending. Moreover, Dr. Mason's report was not based on any strength testing, and

Dr. Mason simply relied on the information supplied by Orteza regarding his former employment.

## III

■ Orteza also asserts that we should remand to allow him to introduce evidence clarifying Dr. Mason's use of the term "sedentary type job." We will remand for the consideration of new evidence when the evidence is material and the claimant establishes good cause for failing to submit the evidence during the administrative proceedings. *Allen v. Secretary of Health and Human Services,* 726 F.2d 1470, 1473 (9th Cir. 1984).

■ Orteza appended to his opening brief a letter written by Dr. Mason dated April 15, 1993, in which Dr. Mason states that he intended to use the term "sedentary" within the technical meaning set forth by the Secretary. The ALJ's order notified Orteza that Dr. Mason's use of the term "sedentary type job" would not be considered to mean "sedentary work" as it is defined by the Secretary. Yet Orteza made no effort to suggest any other until this appeal. Thus, we conclude that Orteza has failed to show good cause for not submitting the evidence earlier.

## IV

■ The ALJ concluded that Orteza could not return to his previous position at the hospital chartroom to the extent it requires heavy lifting and bending, but that he could perform similar file clerk work which would be defined as "light work" under 20 C.F.R. § 404.1567(b). The ALJ credited Orteza's testimony of pain and fatigue to the extent he determined Orteza could not do medium or heavy work. Both the testimony of the vocational expert and the Dictionary of Occupational Titles indicate that file clerk jobs usually require only "light work." Thus, we conclude that the ALJ's findings are supported by substantial evidence.

The ALJ's findings that Orteza could perform "light work" as a file clerk and that such work is available, legally supports the

Secretary's determination that Orteza is not disabled, even if Orteza could not return to the specific job he had previously held because of the unusually heavy bending and lifting required there. 20 C.F.R. § 404.1520(e) (claimant not disabled if able to perform same type of work done in past); *Villa v. Heckler,* 797 F.2d 794, 798 (9th Cir. 1986) (claimant has burden of proving that he cannot return to his former type of work, not just his particular job).

AFFIRMED.