86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara J. MASKE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration** Defendant-Appellee.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1996.*
Decided May 24, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Barbara J. Maske appeals the district court's grant of summary judgment in favor of appellee, and affirmance of the district court had jurisdiction pursuant to 42 U.S.C. § 405(g). This Court has jurisdiction. 28 U.S.C. § 1291. We review the judgement of the district court de novo. Ramirez v. Shalala, 8 F.3d 1449, 1451 (9th Cir.1993). We affirm a denial of benefits if it is supported by substantial evidence and based on the application of correct legal standards. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995).
 
 
 4
 The claimant bears the burden of proving entitlement to disability benefits. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.1984). If the claimant shows that she is unable to perform past relevant work, the burden shifts to the Commissioner to show that the claimant can engage in other types of substantial gainful work that exists in the national economy. Id.
 
 I. MASKE'S SUBJECTIVE COMPLAINTS OF PAIN
 
 5
 This court will defer to the ALJ's credibility determinations when supported by specific findings. Flaten v. Sec'y of Health and Human Services, 44 F.3d 1453, 1464 (9th Cir.1995). When making credibility determinations, an ALJ can take into account such factors as the "claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995).
 
 
 6
 The ALJ found Maske's pain allegation incredible. The ALJ stated that Maske did not show that "her activities of daily living are significantly restricted due to pain." The ALJ also noted that Maske had failed to submit any evidence showing regular, ongoing pain relief treatment other than medication and [had] taken no steps to have surgery as recommended treatment." The ALJ's credibility determinations are supported by specific findings and we defer to the ALJ's rejection of Maske's subjective complaints of pain.
 
 
 7
 II. OPINION AND FINDINGS OF THE TREATING PHYSICIAN, DR. IZZO
 
 
 8
 Maske argues that the ALJ disregarded the objective findings of the treating neurological surgeon, Dr. Izzo. More specifically, she contends that the ALJ disregarded Dr. Izzo's letter dated July 28, 1992. The comments in the July 28, 1992 letter are not "findings" and do not contradict the ALJ's decision. It is clear that Dr. Izzo was simply recounting Maske's statements to him. In addition, the ALJ recounted Dr. Izzo's recommendation of surgery, stating that there was no indication in the record that surgery was recommended by any other physician other than Dr. Izzo. The ALJ did not err and gave proper weight to Dr. Izzo's opinion and findings.
 
 III. CHRONIC FATIGUE SYNDROME
 
 9
 The ALJ found that Maske had "failed to submit sufficient medical evidence to show that she has chronic fatigue syndrome and bone spurs...." Maske argues that the ALJ employed improper legal standards. Since Maske has the burden of proving her disability, her failure to produce sufficient medical evidence of her disability is substantial evidence supporting the ALJ's denial of disability benefits. After fully reviewing the evidence before the ALJ, we hold that the ALJ did not err in finding that Maske failed to submit sufficient medical evidence to show that she has chronic fatigue syndrome. The ALJ applied correct legal standards and his finding is supported by substantial evidence.
 
 
 10
 IV. COMBINED EFFECT OF MASKE'S MULTIPLE IMPAIRMENTS
 
 
 11
 Maske contends that the ALJ failed to consider the combined effect of her multiple impairments. She contends that the ALJ failed to consider her chronic fatigue syndrome and cervical disk disease combined. Since the ALJ found that Maske failed to show that she had chronic fatigue syndrome, he did not need to consider the chronic fatigue syndrome and the cervical disk disease together. The ALJ did not err.
 
 
 12
 AFFIRMED.
 
 
 
 **
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant toDN No. 94-16849
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 ***
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. Federal Rules of Appellate Procedure 43(c)(1)