117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RAFAEL HERNANDEZ, Plaintiff-Appellant,
v.
SHIRLEY S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 96-56268.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-02562-AJW; Andrew J. Wistrich, Magistrate Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rafael Hernandez appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration denying Hernandez's applications for disability benefits under titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir.1995) (per curiam). The district court's judgment must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ"), and the ALJ applied the correct legal standards. See id.
 
 
 4
 Hernandez contends that the ALJ improperly relied on a hypothetical that failed to include all of Hernandez's complaints and limitations. This contention lacks merit.
 
 
 5
 Hypothetical questions posed to the vocational expert ("VE") must set out all the limitations and restrictions of the claimant. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989). The ALJ may exclude a claimant's subjective complaints from hypothetical questions to a VE if specific findings disregarding such complaints are made. See Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.1988). To disregard claimant's own testimony of pain and symptoms, the ALJ may consider, inter alia, treatment received, medication and claimant's daily activities. See Smolen v. Chater, 80 F.3d 1273, 1284 & nn. 7 & 8 (9th Cir.1996).
 
 
 6
 Here, the ALJ properly disregarded Hernandez's complaints of headaches and dizziness.[1] See Copeland, 861 F.2d at 540. In finding that these complaints were less than fully credible, the ALJ provided specific reasons. See id. First, the ALJ noted that Hernandez obtained relief for his headaches and dizziness from medication, and suffered no adverse side effects from medication. See Smolen, 80 F.3d at 1284. Second, Hernandez pursued no further treatment for any of his complaints. See id. Third, the ALJ found that Hernandez's daily activities detracted from the credibility of his pain and symptoms. See id. Therefore, the ALJ properly proposed a hypothetical that excluded Hernandez's subjective complaints. See Magallanes, 881 F.2d at 756; Copeland, 861 F.2d at 540.
 
 
 7
 Hernandez also contends that the ALJ erred in failing to give proper weight to the opinion of Hernandez's treating physician. We disagree.
 
 
 8
 The medical opinion of a claimant's treating physician regarding claimant's condition is entitled to special weight. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). "[T]he ALJ need not accept a treating physician's opinion which is brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion." Magallanes, 881 F.2d at 751 (internal quotation omitted).
 
 
 9
 Hernandez's treating physician stated that Hernandez's condition of sympathetic opthalmoplegia prevented him from working. The ALJ did not entirely reject the treating physician's opinions, but properly relied on that part of the medical assessment supported by substantial evidence in the record and consistent with the opinions of other examining physicians and experts in this case, in that Hernandez was blind in his left eye and suffered from impaired depth perception. See id.
 
 
 10
 Because the ALJ's hypothetical was based on substantial medical evidence in the record, and because the ALJ considered and weighed all relevant and reliable evidence from Hernandez's treating physician, the ALJ did not err in concluding that Hernandez was not disabled. See Orteza, 50 F.3d at 749.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Hernandez has not appealed the ALJ's rejection of his claim of depression and complaints of pain in his legs and knee