129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul J. NGUYEN, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 97-35352.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.***
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-96-00111-LRS; Lonny R. Suko, Magistrate Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul J. Nguyen appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383d. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment affirming the Commissioner's denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We review the decision of the administrative law judge ("ALJ") "to determine whether it was supported by substantial evidence and whether it was based on the proper legal standard." DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir.1991). Where a denial of a previous application for benefits has become final, there is a presumption of continued nondisability which the claimant can overcome only by proving changed circumstances that would establish disability. See Light v. Social Sec. Admin., 119 F.3d 789, 791-92 (9th Cir.1997) (citation omitted).
 
 
 4
 Nguyen contends that the ALJ improperly rejected his subjective pain testimony. This contention lacks merit.
 
 
 5
 In order to reject pain testimony where the claimant produces evidence of a medical impairment that could cause pain, the ALJ must make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir.1995) (per curiam) (citation omitted). "An ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony." Light, 119 F.3d at 792. However, an adverse credibility finding cannot be based wholly on a lack of medical support for the severity of claimant's pain. See id. The ALJ may consider numerous factors when determining credibility, including inconsistencies in the claimant's testimony, inconsistencies between his testimony and his conduct or activities, claimant's daily activities, failure to seek medical treatment, and medical evidence. See id.; Orteza, 50 F.3d at 750.
 
 
 6
 Here, because the Social Security Administration previously denied Nguyen disability benefits on November 1, 1991, Nguyen has the burden of establishing changed circumstances that would establish disability. See Light, 119 F.3d at 791-92. The ALJ found that Nguyen was not credible and thus rejected Nguyen's subjective pain testimony. The ALJ found that Nguyen had severe musculoskeletal impairments and noted that the examining orthopedist diagnosed Nguyen with reported thoracic outlet syndrome, evidence of left ulnar compressive neuropathy, cervical, thoracic and lumbosacral spine joint pain, and possible minimal compression deformity at C5-C6.[1] Because Nguyen has an underlying medical impairment that could cause pain, the ALJ was required to make sufficiently specific findings before rejecting Nguyen's pain testimony. See Orteza, 50 F.3d at 750.
 
 
 7
 The ALJ noted that Nguyen had been found not credible in connection with his earlier application for benefits, that there were many inconsistencies in the current record, that Nguyen failed to seek or continue treatment for some of his complaints, and that the examining orthopedist noted a significant magnification of symptoms. While it is true that Nguyen's testimony reflected very limited daily activities and that Nguyen has sought medical treatment for some of his conditions, the ALJ made sufficiently specific findings to support the determination that Nguyen's subjective pain testimony was not credible. See Light, 119 F.3d at 792, Orteza, 50 F.3d at 750. Nguyen argues that the inconsistencies in the record relate to only some of his impairments and thus cannot be used to reject his subjective pain testimony as to other impairments. However, the inconsistencies in the record provide substantial evidence that Nguyen "generally lacked credibility" and such a credibility finding is a permissible basis for rejecting excess pain testimony. See Light, 119 F.2d at 792.
 
 
 8
 Nguyen next contends that the ALJ failed to provide specific and legitimate reasons for rejecting Nguyen's treating physician's opinion. This contention also lacks merit.
 
 
 9
 Generally, the ALJ may reject the opinion of a treating physician, if contradicted by another physician, only by providing "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir.1995). Where an opinion of disability is based primarily upon the claimant's own account of his symptoms and the claimant has been found to lack credibility, the ALJ is free to disregard the opinion. Id. at 1043.
 
 
 10
 Here, the ALJ rejected the contradicted opinion of Nguyen's treating physician that Nguyen was disabled. The ALJ noted that the treating physician's opinion was based on Nguyen's subjective complaints and that the ALJ had found Nguyen not credible. The ALJ also noted that the treating physician's opinion was not substantiated by his own clinical examination, other objective findings, or the findings of other examining physicians. The ALJ gave sufficient reasons based on substantial evidence in the record for disregarding the opinion of Nguyen's treating physician. See id.
 
 
 11
 Nguyen also contends that the ALJ erred in finding that he did not suffer from a mental impairment. This contention lacks merit.
 
 
 12
 The ALJ noted that it was previously determined in connection with an earlier disability application that the record did not establish the presence of a mental impairment. In the most recent examination, the psychiatrist who previously examined Nguyen "continue[d] to find" that he had somatoform pain disorder and noted that it was "complicated by the presence of low motivation and a suggestion of at least partial embellishment which is to say malingering." Because Nguyen did not present evidence of a change in his condition with regard to mental impairments since the previous denial of benefits, Nguyen did not overcome the presumption of nondisability. See Light, 119 F.3d at 791-92.
 
 
 13
 Because the ALJ properly rejected Nguyen's subjective pain testimony, the ALJ did not err by applying the Medical-Vocational Guidelines. See Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir.1991) (en banc).
 
 
 14
 AFFIRMED.
 
 
 
 *
 John J. Callahan is substituted for Shirley S. Chater, his predecessor, as Acting Commissioner, Social Security Administration, pursuant to Fed R.App. P. 34(c)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The ALJ further found that Nguyen's musculoskeletal impairments were not of sufficient severity to meet or equal a listed impairment