**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| ANNA DREWS, | No. 10-35585 |
| Plaintiff - Appellant, | D.C. No. 6:09-cv-06115-HO |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 3, 2011**
Portland, Oregon

Before: KOZINSKI, Chief Judge, TASHIMA and IKUTA, Circuit Judges.

The ALJ gave specific, clear, and convincing reasons based on substantial

evidence for his adverse credibility determination, *Smolen v. Chater*, 80 F.3d 1273,

1281 (9th Cir. 1996):  Drews could not identify an onset date for her severe

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

headaches, *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008), and her testimony was inconsistent, unsupported by objective medical evidence, and did not identify a longitudinal history of treatment. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam). Any error in stating the duration of Drews's use of Xanax and Celexa, or in disregarding Drews's alleged adverse side effects to prescription pain medication, was harmless. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162–63 (9th Cir. 2008); *see also Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ's determination that Drews's mental health issues were not severe and that her headaches were not disabling was also supported by substantial evidence. Drews failed to seek treatment or report the depression diagnosis to her primary care physician, and there was insufficient medical evidence as to the severity or frequency of Drews's headaches. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ gave specific and legitimate reasons based on substantial evidence to reject Dr. Perry's depression diagnosis because Drews had not received treatment for depression before Dr. Perry's assessment, did not seek treatment after the evaluation, and did not report it to her primary care physician. *See Valentine v. Comm'r*, 574 F.3d 685, 692–93 (9th Cir. 2009). Similarly, the ALJ gave specific

2

and legitimate reasons based on substantial evidence to reject Dr. Emonds's testimony, as it was based primarily on Drews's subjective pain complaints (which the ALJ found not to be credible) and was not supported by objective medical findings. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Finally, the ALJ provided germane reasons for disregarding the testimony of Maryhelen Sams, namely that it referred to an irrelevant time period. *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). Insofar as the ALJ failed to address the testimony of Daniel Ward, any error was harmless because his testimony also did not refer to the relevant time period, was internally contradictory, and was inconsistent with other evidence in the record. *See id.*; *Stout v. Comm'r*, 454 F.3d 1050, 1054–55 (9th Cir. 2006).

AFFIRMED.