**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HONG JUN XUN,

           Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

           Defendant - Appellee.

No. 14-16152

D.C. No. 4:13-cv-02041-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

    Hong Jun Xun appeals the district court's judgment affirming the

Commissioner of Social Security's termination of his Supplemental Security

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Income benefits for possession of excess resources. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

20 C.F.R. § 416.1208(b) does not violate the Due Process Clause of the Fifth Amendment. The regulation is rationally related to the legitimate goal of preventing dissipation of government resources through program abuse. *See Weinberger v. Salfi*, 422 U.S. 749, 769-70 (1975); *Munoz v. Sullivan*, 930 F.2d 1400, 1403-04 (9th Cir. 1991).

And the regulation is not an impermissible interpretation of 42 U.S.C. § 1382(a). *See Barnhart v. Walton*, 535 U.S. 212, 217-18 (2002). Section 1382(a) does not define "resources" nor dictate a precise method for attributing resources to a claimant. The Commissioner has resolved that an individual's resources include funds held in an account titled solely to that individual where the individual has legal access thereto. *See* 20 C.F.R. § 416.1208(b). That construction is permissible and reasonably balances the Social Security Act's twin purposes of providing a minimum standard of living to certain individuals while combating neglect, abuse, and fraud. *See Jones v. Shalala*, 5 F.3d 447, 450 (9th Cir. 1993). Xun's argument that the Commissioner has unlawfully interpreted the word "each" out of § 1382(a) fails. Xun received an individualized eligibility determination.

2

Substantial evidence supports the Administrative Law Judge's determination that Xun did not hold the funds for his brother in trust. Xun undisputedly held funds which, if countable as resources, were in excess of the statutory maximum prescribed for program eligibility. The ALJ determined that those funds were Xun's resources by applying 20 C.F.R. § 416.1208(b). Xun submitted no evidence contemporaneous with the formation of the alleged trust. The ALJ noted the lack of independent, corroborative evidence. *See* 42 U.S.C. § 1383(e)(1)(B)(i). Although Xun submitted non-contemporaneous statements by his relatives that the funds belonged to his brother, the ALJ did not find any reliable evidence that Xun's brother intended for Xun to hold title to the funds without holding a beneficial interest therein. Instead, the ALJ noted evidence that Xun unilaterally altered the terms of the alleged trust on several occasions, transferring funds among accounts and ultimately ending his alleged role as trustee by transferring most of the funds to his sister. When the evidence before the ALJ is "susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (per curiam). We therefore uphold the ALJ's determination that no irrevocable trust existed.

**AFFIRMED**.