NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY LEE HENRICUS, | No. 16-15347 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02699-KJN |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted September 13, 2017**
San Francisco, California

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and ARTERTON,***
District Judge.

Timothy Henricus seeks social security disability benefits for a period

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

beyond what the administrative law judge ("ALJ") awarded. We reverse and remand for further proceedings.

When faced with contradictory opinions, the ALJ must give specific and legitimate reasons supported by substantial evidence in the record to reject a treating physician's opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). An ALJ must give a germane reason for rejecting the opinion of a physician's assistant, who is considered an "other source" under the Social Security regulations. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ rejected the functional capacity opinion of Henricus's treating physician Dr. Hembd and his assistant, Ms. Zichella, without giving any reasons for doing so or even mentioning it. This was error. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when [s]he rejects a medical opinion . . . while doing nothing more than ignoring it."); *Molina*, 674 F.3d at 1111. The error was not harmless, because the vocational expert testified that, if their opinion was credited fully, Henricus would be precluded from all work. *See Molina*, 674 F.3d at 1115.

Henricus argues that the ALJ also erred by rejecting parts of Dr. Monks's functional capacity opinion. We disagree. The ALJ limited Henricus to simple, repetitive tasks based on Dr. Monks's opinion. This limitation shows that the ALJ intended to adopt Dr. Monks's opinion. *See Orteza v. Shalala*, 50 F.3d 748, 750

(9th Cir. 1995) (distinguishing between discrediting and interpreting a medical opinion); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (reasoning that the ALJ is responsible for translating functional limitations into a residual functional capacity). As a result, we must uphold the ALJ's interpretation of Dr. Monks's opinion so long as it was rational. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ's limitation to simple, routine work reflects a rational interpretation of Dr. Monks's opinion, and rationally reconciles portions of that opinion that might otherwise appear to be in conflict. As a result, the ALJ did not err in her treatment of Dr. Monks's opinion.

Finally, we remand for further proceedings rather than for an award of benefits to allow the Commissioner to properly evaluate Dr. Hembd and Ms. Zichella's opinion in the first instance. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

**REVERSED and REMANDED.**