
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JETTIE MAY HAWKINS,

          Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

          Defendant-Appellee.

No.   15-16070

D.C. No. 2:13-cv-02248-JZB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Zachary Boyle, Magistrate Judge, Presiding

Submitted January 5, 2018 [**]

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit
             Judges.

    Jettie May Hawkins appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, we review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

The Administrative Law Judge ("ALJ") provided specific, clear and convincing reasons for rejecting Hawkins's subjective complaints, including her daily activities of caring for her family, inconsistencies between the testimony and evidence, and the record of conservative treatment and medical findings. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (discussing factors to consider in evaluating credibility); *see also Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (explaining that, although claimant should not be penalized for attempting to lead a normal life in the face of limitations, level of activity inconsistent with claimed limitations is relevant to credibility).

The ALJ properly evaluated the medical opinions in determining Hawkins's residual functional capacity and provided specific and legitimate reasons for rejecting the medical opinion of treating provider Jack Hawks, D.O. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038, 1041 (9th Cir. 2008) (reciting standard, permitting ALJ to reject opinion based on claimant's properly discounted credibility, and explaining that this court will uphold ALJ's conclusion when evidence is susceptible to more than one rational interpretation). The ALJ properly rejected Dr. Hawks's opinion because it was not supported by objective findings,

was conclusory with no supporting contemporaneous treatment notes, and was contradicted by other medical findings and opinions in the record.

The substantial evidence supporting the ALJ's decision renders any other error "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citation and internal quotation marks omitted); *see Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (allowing court to affirm ALJ's overall credibility conclusion even when not all of ALJ's reasons were upheld).

**AFFIRMED.**

*Hawkins v. Berryhill*; No. 15-16070

THOMAS, Chief Circuit Judge, dissenting:

I respectfully dissent. On two occasions, Hawkins' treating physician concluded that she was incapable of even sedentary work. He concluded she could left less than ten pounds even occasionally; she could stand or walk less than two hours in an eight hour day; and that she could sit less than six hours in an eight hour day. Over the course of his treatment of Hawkins, her physician diagnosed chronic neuropathic pain, irritative radiculopathy, and lumbar sprain. He referred her for lumbar epidural steroid injections. He prescribed Vicodin, Skelaxin, Oxycodone, Soma, Baclofen, and Percocet.

An administrative law judge is required to give substantial weight to the treating physician's findings and subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995). Indeed, if a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). An ALJ can reject a treating physician's opinion, but only for "specific and legitimate reasons that are supported by substantial evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

Here, the ALJ rejected the treating physician's opinion, in part, because the

opinion "was not supported by objective medical findings including MRIs." However, Hawkins had two MRIs performed. The first revealed sever disc desiccation. The second showed a "broad-based disk bulge with an annulear tear, causing flattening of the central and right ventral aspect of the thecal sac," that was "more broad-based than the prior abnormality." The ALJ concluded that the treating physician's assessments lacked supporting contemporaneous treatment notes, but the record reflects significant treatment notes. Simply put, the ALJ's primary rationale for rejecting the treating physician's assessment is not supported by the record.

The ALJ also rejected the claimant's testimony as not credible. The ALJ stated that the objective medical evidence could not be squared with the amount of pain claimant reported. However, when a claimant has produced objective medical evidence of an underlying impairment which is reasonably likely to cause pain, "the ALJ 'may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.'" *Orteza v. Shalala*, 50 F.3d 748, 749–50 (9th Cir. 1995).

The ALJ's rejection of Hawkins' testimony because she was able to perform routine functions as a single mother was also legally erroneous. The facts of this

case are similar to the ones at issue in *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). In *Garrison*, the ALJ discredited the claimant's testimony of severe back pain because the claimant was able to prepare meals, clean her room, and help to care for her own daughter. *Id.* at 1008, 1015. We held that the ALJ committed two errors. *Id.* at 1016. First, the ALJ mischaracterized the testimony by failing to acknowledge that the claimant required her mother's help in caring for her daughter, was regularly prohibited by her pain from engaging in some household activities, and required rest and naps after performing such activities. *Id.* at 1017. Second, the ALJ erred in finding that those activities, performed in the manner described, were inconsistent with the pain alleged by the claimant. *Id.* The claimant's daily activities such as preparing meals and caring for her daughter with assistance and frequent rest was consistent with the pain alleged and consistent with an inability to function in a workplace environment. *Id.*

The ALJ also claimed that the claimant's purported inability to drive was contradicted by her later testimony that she drove her mother to medical appointments. But Hawkins never claimed a complete inability to drive; she only alleged that her medication sometimes renders her unable to drive.

The final reason the ALJ provided for the adverse credibility finding was that the "conservative/routine pain medication" contradicts her "allegations of

disabling pain." However, as I noted earlier, the record shows that Hawkins actually received a substantial amount of pain medication.

Because the ALJ did not provide legitimate reasons for rejecting the treating physician's opinion or for his adverse credibility finding, I would reverse the judgment of the district court.   Therefore, I respectfully dissent.