FILED

NOT FOR PUBLICATION

DEC 04 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC J. GREEN,

        Plaintiff-Appellant,

      v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No.   17-35350

D.C. No. 9:16-cv-00079-JCL

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted October 10, 2018
Portland, Oregon

Before: FISHER, CLIFTON and CALLAHAN, Circuit Judges.

     Eric Green appeals the judgment of the district court affirming the decision

of the administrative law judge (ALJ) denying his application for social security

disability benefits. We have jurisdiction under 28 U.S.C. § 1291, we review de

novo, *see Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010), and we affirm.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The ALJ offered specific, clear and convincing reasons for rejecting Green's testimony about the severity of his symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ found Green inconsistently reported his daily medical marijuana use to his medication prescribers. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (relying in part on inconsistent statements about alcohol and marijuana use for an adverse credibility finding). Second, the ALJ found Green's symptoms could likely be controlled adequately with a better-tailored medication regimen accounting for Green's marijuana use. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (including "effectiveness . . . of any pain medication" as a relevant factor in making an adverse credibility determination). Third, the ALJ cited a medical expert's opinion that Green's testimony, if taken "at face value," asserted limitations that would generally be treated through much more intensive treatment than Green received. *See Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989) (relying in part on evidence of an unexplained failure to seek more intensive treatment for an adverse credibility finding).

2. The ALJ did not err by listing different severe impairments in the decision currently under review than in an earlier decision on Green's claim. Some of the differences were semantic; with respect to the other differences, substantial

evidence supports the approach taken in the later decision.  *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

3.  Green did not raise his remaining arguments before the district court.  We therefore decline to address them.  *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) ("As a general rule, an appellate court will not hear an issue raised for the first time on appeal.").

**AFFIRMED.**