NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEDY BAHE, on behalf of deceased Jerry Bahe,<br><br>              Plaintiff-Appellant,<br><br>     v.<br><br>OFFICE OF NAVAJO & HOPI INDIAN RELOCATION, an administrative agency of the United States,<br><br>              Defendant-Appellee. | No.    18-15271<br><br>D.C. No. 3:17-cv-08016-DLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 17, 2019[**]
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and BATTAGLIA,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Hedy Bahe ("H. Bahe") appeals the district court's grant of summary judgment to the Office of Navajo & Hopi Indian Relocation ("ONHIR") affirming the ONHIR's denial of the application for relocation benefits submitted by her husband, Jerry Bahe ("J. Bahe"). We review de novo the district court's grant of summary judgment. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We review the ONHIR's decision to determine if it was "arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The ONHIR provided "specific, cogent reason[s]" for, and substantial evidence supported, its credibility determination. *De Valle v. INS*, 901 F.2d 787, 792 (9th Cir. 1990) (quotation omitted). H. Bahe struggled to remember events at specific points in time, specifically the ages of her children during the pertinent time period of 1973–74. Witness Marie Nelson was not aware that J. Bahe worked for the railroad and did not visit the family. J. Bahe's niece also could not testify as to the time period in which events occurred. Further, H. Bahe's testimony was in direct conflict with the information provided by J. Bahe to an investigator for the ONHIR in 1990. In light of the substantial deference afforded to such agency determinations, we observe no reversible error.

The ONHIR concluded that H. Bahe failed to meet her burden of proving that,

"as of December 22, 1974," she and her family were "legal residents" of Arrowhead, which was later designated Hopi Partitioned Land ("HPL"). 25 C.F.R. §§ 700.97(a), 700.147(b). J. Bahe's mother died in 1957. J. Bahe stated that the Bahes left the HPL after his mother died. The Independent Hearing Officer's interpretation that the family moved shortly after the death instead of nearly 20 years after his mother's death is rational. *See Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995).

Finally, the ONHIR drew reasonable inferences from the Joint Use Area Roster, which, along with other evidence, substantiated the residency determination. For these reasons, the district court did not err in granting summary judgment to the ONHIR.

**AFFIRMED**.