**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIANA ELEANOR SANCHEZ, | No. 18-16646 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01713-JD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted February 4, 2020
San Francisco, California

Before:   PAEZ and BEA, Circuit Judges, and JACK,** District Judge.

Adriana Eleanor Sanchez appeals the district court's decision which affirmed

the Commissioner of Social Security's denial of her application for Supplemental

Social Security income under Title XVI of the Social Security Act.   We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo and the Administrative Law Judge ("ALJ")'s decision for substantial evidence and legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

1. Sanchez argues that the ALJ erred at step two in its finding that Sanchez's migraine headaches, posttraumatic stress disorder, and attention deficit hyperactivity disorder were not severe impairments. But Sanchez prevailed at step two based on the ALJ's finding that she had other severe impairments. Any error at this step was therefore harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017).

2. The ALJ did not err in its discounting Sanchez's testimony. The ALJ proffered specific, clear, and convincing reasons supported by substantial evidence for discounting Sanchez's pain and limitations testimony, including that Sanchez's conditions improved with treatment, that her daily activities were inconsistent with the alleged degree of her disability, that she failed to follow her doctors' prescribed treatment, and that she had not received consistent mental health treatment prior to 2013, even though her alleged disability began in 2010. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (listing the factors that we have found relevant when reviewing an ALJ's credibility determination, including daily activities inconsistent with alleged symptoms, the use of medication, and failure to follow, without adequate explanation, a prescribed course of treatment); *Burch v.*

*Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting "lack of consistent treatment" can be grounds for discounting a claimant's pain and limitations testimony).

3.     The ALJ provided a specific and legitimate reason supported by substantial evidence for declining to give controlling weight to the opinions of Dr. Yasin Mansoor, Sanchez's treating physician, and Teisha Levi, the Marriage and Family Therapy intern, because their opinions were inconsistent with their treatment notes, which indicate that Sanchez responded well to medication.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting a treating physician's opinion's inconsistency with the medical evidence, including her own notes, is a specific and legitimate reason to discount her opinion); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony . . . [and] for resolving ambiguities.").

4.     The ALJ provided specific and legitimate reasons supported by substantial evidence for giving little weight to the opinion of Dr. Jonathan Preiss, a consultative examining expert: Dr. Preiss "adopt[ed] [Sanchez]'s subjective complaints," which the ALJ found not credible, and Dr. Preiss's opinion is inconsistent with "psychometric testing," which "indicate[s] that [Sanchez] possesses the cognitive capacity and ability to function well in many employment

type situations." *See Tommasetti*, 533 F.3d at 1041; *see also Magallanes*, 881 F.2d at 750.

5.     The ALJ did not err in assigning "considerable" weight to the opinion evidence from state agency psychological consultants Drs. Joseph Leizer and Hillary Weiss. *See* 20 C.F.R. § 416.927; SSR 96-6p; *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (the ALJ is not required to provide clear and convincing reasons where the ALJ is not rejecting medical opinion evidence).

Sanchez argues that although the ALJ purported to give considerable weight to the opinions of Drs. Leizer and Weiss, he failed to incorporate all their findings into his residual functional capacity ("RFC") assessment. However, the ALJ's RFC assessment properly included limitations on Sanchez's interactions with the public and co-workers. To the extent the ALJ erred by failing to include Sanchez's limitations on concentration, pace, and persistence in his RFC assessment, the ALJ's error is harmless because an individual with an RFC that includes these limitations would have been capable of performing all of the jobs that the ALJ identified at step five. *See* 20 C.F.R. § 416.968(a) ("Unskilled work is work which needs little or no adjustment to do simple duties that can be learned on the job in a short period of time.").

6.     The ALJ's RFC assessment and hypothetical posed to the vocational expert were supported by substantial evidence and reasonably included all

limitations for which there was record support. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (the ALJ's reliance on testimony of the vocational expert in response to the hypothetical was proper where the hypothetical contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record).

**AFFIRMED.**

*Adriana Eleanor Sanchez v. Andrew M. Saul*, 18-16646

PAEZ, Circuit Judge, dissenting.

Although our standard of review is deferential, we "must consider the entire record as a whole" and may not affirm where the ALJ has merely "pick[ed] out a few isolated instances of improvement" to support the denial of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1009, 1017 (9th Cir. 2014). Here, the ALJ cherry-picked portions of the record to discount the opinions of the two treating providers, the opinion of the examining provider, and the testimony of the claimant—all while relying on the opinions of providers who never examined, let alone treated, Sanchez. Because substantial evidence does not support the ALJ's reasoning, I respectfully dissent.

**1.** The ALJ discounted the opinions of the treating providers, Mansoor and Levi, because their opinions were allegedly inconsistent with their medical records, which indicated Sanchez's "good response to medication" and "largely unchanged" medication regimen. This reason is not supported by substantial evidence. While Sanchez at times experienced some improvement due to medication, the record reflects that her dosage was repeatedly increased, and her prescriptions altered, to respond to her ongoing and substantial symptoms. Moreover, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few

1

isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017; *see also Ryan v. Comm. of Soc. Sec.*, 528 F.3d 1194, 1200–01 (9th Cir. 2008); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

**2.** The ALJ discounted the opinion of the examining provider, Dr. Preiss, because he purportedly examined Sanchez only once, did not review the overall record, made conclusions inconsistent with his evaluation, and adopted Sanchez's subjective complaints. These reasons likewise are not supported by substantial evidence or our case law. For instance, Dr. Preiss's records reflect that he examined Sanchez twice and reviewed the available records (the very same records considered by a non-examining provider, whose opinion the ALJ accorded "the most weight"). Further, the record reflects that Dr. Preiss based his opinion on the results of tests he administered to Sanchez, a review of her mental health records, the reports of her sister, and his own observations, not merely Sanchez's self-reports. We have consistently held that "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness" because "[psychiatric] [d]iagnoses will always depend in part on the patient's self-report . . . [S]uch is the nature of psychiatry." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (internal quotation marks and citations omitted).

2

**3.** Finally, the reasons the ALJ offered for discounting Sanchez's testimony are not "clear and convincing" grounds under our case law. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ first faulted Sanchez for having "had periods of medication noncompliance" as an adolescent. "[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation[,]" particularly where the noncompliance may be a result of the mental illness itself. *Regennitter v. Comm. of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999). That is especially so here, where the record reflects that Sanchez—a *teenager*—was unable at times to afford her medication. *See Smolen*, 80 F.3d at 1284; *Trevizo v. Berryhill*, 871 F.3d 664, 680–81 (9th Cir. 2017).

The ALJ's other reason for discounting Sanchez's testimony—that her "level of daily functioning is inconsistent with her alleged severe mental . . . limitations"—is also unconvincing. While an ALJ may consider a claimant's reported daily activities, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (internal citations omitted). This is particularly so in the context of mental illness, where a claimant may be able to

"limit[] environmental stressors" (and thus experience "improved functioning") at home in a way that is not feasible in a workplace. *Garrison*, 759 F.3d at 1017. That Sanchez was able to shop for groceries, brush her teeth, prepare frozen meals, and, with difficulty, attend an art class does not "in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *see, e.g., Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (concluding that a claimant's ability to shop for groceries was not a valid reason to find her not disabled); *Revels v. Berryhill*, 874 F.3d 648, 660, 667–68 (9th Cir. 2017) (same, with respect to brushing teeth and preparing meals); *Benecke v. Barnhart*, 379 F.3d 587, 592–94 (9th Cir. 2004) (same, with respect to taking a class).

**4.** In sum, I would conclude that the ALJ "failed to provide legally sufficient reasons for rejecting [the] evidence." *Garrison*, 759 F.3d at 1020. Had the ALJ properly credited any one of the limitations identified in the opinions of the treating and examining providers, the ALJ would have been required to find Sanchez's conditions precluded her from employment and, thus, that she was disabled within the meaning of the Act. *See Revels*, 874 F.3d at 668–69. Accordingly, I would remand to the district court with instructions for immediate calculation and payment of benefits.