NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALANNA U.N. TAYLOR,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   22-35724

D.C. No. 3:21-cv-05884-MLP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted August 23, 2023**
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Alanna Taylor appeals the district court's decision affirming the denial of

Taylor's application for disability benefits.  We review the district court's judgment

de novo and "set aside a denial of benefits only if it is not supported by substantial

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

To establish a disability for purposes of the Social Security Act, a claimant must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In this case, the ALJ found that Taylor was not disabled at step five because Taylor could perform work available in the national economy. The ALJ gave limited weight to the medical opinion of David Morgan, Ph.D., gave limited weight to Taylor's own testimony, and did not expressly consider the lay witness testimony of Taylor's partner. We have jurisdiction under 28 U.S.C. § 1291. Because the ALJ applied the correct legal standards and its decision is supported by substantial evidence, we affirm.

1. Substantial evidence supports the ALJ's decision to discount Dr. Morgan's medical opinion. First, the ALJ explained why it found that Dr. Morgan's medical opinion was unsupported and inconsistent. *Woods v. Kijakazi*, 32 F.4th 785, 792

2

(9th Cir. 2022) ("[A]n ALJ cannot reject a[] . . . doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); 20 C.F.R. § 416.920c(a)–(c). The ALJ explained that it found part of Dr. Morgan's medical opinion was unsupported because the limitations therein were based on unexplained checkboxes, a sufficient reason for rejecting a medical opinion. *Molina,* 674 F.3d at 1111–12. The ALJ also explained that Dr. Morgan's opinion was inconsistent with Dr. Morgan's own mental examination, another reason to reject Dr. Morgan's opinion.

Second, the ALJ discounted the opinion because the assessed debilitation would last less than twelve months, not satisfying the statutory duration period. 42 U.S.C. § 423(d)(1)(A) (impairment only counts as "disability" if it "has lasted or can be expected to last for a continuous period of not less than 12 months"). This too is a reason for discounting Dr. Morgan's medical opinion.

Because the ALJ explained why it found that Dr. Morgan's medical opinion was unsupported and inconsistent and because that explanation is supported by substantial evidence, the ALJ "reasonably rejected" Dr. Morgan's opinion. *See Woods*, 32 F.4th at 787, 792–93; 20 C.F.R. § 416.920c(a)–(c).

2. The ALJ gave clear and convincing reasons supported by substantial evidence for discounting Taylor's subjective testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022). First, substantial evidence supports the ALJ's finding

3

that Taylor's subjective testimony with regard to the degree of Taylor's anxiety and depression symptoms conflicted with the objective medical evidence in the record. *See id.* at 498; *Carmickle v. Soc. Sec. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Second, substantial evidence supports the ALJ's decision to discount Taylor's testimony regarding Taylor's impairments related to sleep and fatigue. There was no mention in the treatment record of "sleep attacks," Taylor's visit to a sleep center found Taylor had "only mild obstructive sleep apnea," and Taylor's claimed "persistent intense fatigue" conflicted with Taylor's statements to a nurse, over a period of several months, that Taylor was sleeping well at night and had no sleeping pattern disruption. *See Smartt*, 53 F.4th at 496–99; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Third, substantial evidence supports the ALJ's finding that Taylor's symptoms improved with medication. *See* 20 C.F.R. § 416.929(c)(3) (ALJ may consider evidence concerning claimant's medications); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may consider effectiveness of medications). Finally, substantial evidence supports the ALJ's finding that Taylor's testimony as to the severity of the symptoms conflicted with Taylor's admitted levels of activity. *See Tommasetti*, 533 F.3d at 1039; *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

3. While the ALJ did not address the lay testimony of Taylor's partner, any error in the failure to address this testimony is harmless because that testimony

4

echoed Taylor's complaints of debilitating symptoms and the ALJ gave legitimate reasons for discounting Taylor's subjective testimony. *See Molina*, 674 F.3d at 1122.

4. Because the ALJ did not err in discounting the above evidence, the ALJ also did not err in declining to incorporate the limitations suggested by that evidence into its assessment of Taylor's residual functional capacity (RFC) or in using that RFC to pose a hypothetical to the vocational expert. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

**AFFIRMED.**